

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00032-CR

FELICIA LEE PENFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 90th District Court
Young County, Texas[1]
Trial Court No. CR12522, Honorable Phillip C. Gregory, Presiding

July 30, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

In a single issue on appeal, Felicia Lee Penfield, Appellant, contends that the trial court abused its discretion by failing to hold a hearing on her motion for new trial. We affirm.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket-equalization efforts. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

In March of 2025, Appellant pleaded guilty to assault on a peace officer, a second-degree felony.[2]  She was placed on deferred adjudication community supervision for ten years.  When the State filed a motion to adjudicate in July, Appellant pleaded true to all of the State's allegations.  On September 17, 2025, the trial court adjudicated Appellant guilty and sentenced her to 18 years' confinement.  Appellant filed a motion for new trial on October 17, 2025, in which she raised the issue of ineffective assistance of counsel.  No hearing was held on the motion, and it was overruled by operation of law.  *See* TEX. R. APP. P. 21.8(a), (c).

In her sole issue on appeal, Appellant argues the trial court's failure to hold a hearing on her motion for new trial was an abuse of discretion.  Assuming the trial court's failure to hold a hearing was an abuse of discretion, the appropriate remedy is to remand for a hearing on the motion for new trial.  *See Hobbs v. State*, 298 S.W.3d 193, 203 (Tex. Crim. App. 2009); *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002).  However, Appellant does not pray for this relief.  Instead, Appellant asserts that she "must receive relief in the form of a new punishment trial," and her prayer requests that this Court "vacate Appellant's sentence and remand to the trial court for a new punishment trial."

Whether a defendant is entitled to a hearing on a motion for new trial is a separate question from whether she should ultimately be granted a new trial.  *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); *Lemmons v. State*, No. 02-04-00086-CR, 2005 Tex. App. LEXIS 4373, at *3 (Tex. App.—Fort Worth Jun. 9, 2005, pet. ref'd) (mem. op.).  And, "[a] party generally is not entitled to relief it does not seek."  *State v. Brown*,

---

[2] TEX. PENAL CODE § 22.01(a)(1), (b-2).

262 S.W.3d 365, 370 (Tex. 2008).  Appellant has not established she is entitled to the relief she has requested, i.e., that we vacate her sentence and order a new trial on punishment, and we decline to fashion a remedy that Appellant did not request. Consequently, we affirm the judgment of the trial court.[3]

Judy C. Parker
Chief Justice

Do not publish.

---

[3] We note that "[a] petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims."  *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (en banc).